[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Gregory DaCosta, petitioner, entered a plea of guilty under the Alford Doctrine to the crime of Robbery in the First Degree, a violation of General Statute Sec. 53a-134 (a)(4), a class B felony, which provides for a maximum sentence of 20 years incarceration. The agreement between the parties was that the petitioner was to enter a plea of guilty and there existed a maximum sentence ("cap") of 20 years incarceration execution suspended after 10 years to be followed by 5 years of probation with the right of petitioner to argue for less at sentencing. The trial court sentenced the petitioner to 15 years, execution suspended after serving 7 years incarceration, to be followed by 5 years of probation. It is this sentence petitioner seeks to have reviewed.
A review of the record of the offense reveals the following: On April 23, 2002, two white males entered a Subway sandwich shop. One of the males had on a ski mask and displayed a handgun, pointed it at the proprietor, and demanded money. The proprietor turned over an amount of money and the pair fled the shop.
Subsequently, a concerned citizen came forward who was a witness to the pair fleeing the Subway shop on the night of the incident and provided police with a description of the vehicle, including the license plate, in which the duo fled.
Police investigation lead to the petitioner to whom the suspect vehicle was registered. The petitioner admitted his presence at the scene of the robbery and informed authorities that he accompanied one Richard Daigle to the Subway shop, and without any warning to petitioner, Daigle, claims petitioner, pulled a bandana over his face and pulled out a gun and demanded money. Petitioner claims he was merely present at the scene, was not aware of Daigle's intent to commit a robbery, and simply left the scene with Daigle.
Richard Daigle was not prosecuted for the subject robbery of the Subway CT Page 4095 shop but did enter a plea of guilty to a related crime of False Statement in the Second Degree to which Daigle received a sentence of time already served.
At the hearing before the Division counsel for the petitioner represented that the petitioner had made a "conscious decision to change his lifestyle," that he was working full time, assisting his ill parents, obtained a high school diploma and took college courses
Counsel for petitioner further claimed the sentencing court indicated that in sentencing the petitioner the court "wanted consistence" with three young women who had recently been sentenced by the judge for a Robbery in the First Degree (Newtown case) and each received varying split sentences with periods of incarceration from 12 months to 16 months.
Counsel opined that the sentence imposed on petitioner is substantial and not consistent with the sentence of the three young ladies in the Newtown case.
Counsel further indicated that the sentence was harsh because Daigle had a prior criminal record, wielded the handgun and was not prosecuted for the robbery and yet the petitioner received a substantial sentence. Counsel filed an extensive Sentence Review Memorandum dated February 25, 2003.
Counsel for the State countered in the Newtown case none of the perpetrators had a handgun, no prior criminal histories and none were gang members. Counsel for the State claimed the petitioner had a prior criminal record and was a former member of a gang.
Counsel for State represented that independent witnesses implicated the petitioner and petitioner's statements to police relevant to his presence and lack of participation, were self-serving. Counsel indicated the perpetrators were described by witnesses as one taller and thinner and the other shorter and heavy set; that the person with the gun was the taller and thinner of the two perpetrators. The description of the masked gunman fit the petitioner as opposed to Mr. Daigle.
Counsel for the State related that the only evidence against Daigle was the word of the petitioner. Petitioner also advised authorities that Daigle was involved in another robbery. Police investigated petitioner's claim and determined that Daigle had a verifiable alibi relevant to that other robbery in which petitioner implicated him. Accordingly, petitioner was substantially discredited. The state had no other evidence against CT Page 4096 Daigle, other than the self-serving version proffered by petitioner.
It is noteworthy that relevant to the Newtown robbery counsel for petitioner took the sentencing court's comments out of context. A review of the sentencing transcript clearly reveals that the court wanted to be consistent with his handling of the Newtown case and the court unequivocally pronounced why this petitioner had to be treateddifferently.[1]
There is ample evidence in the record to support the factual basis for the charge. The Division also recognizes the discretion available to the state's attorney in performing the duties of the office in handling co-defendants in a distinguishable manner.
Pursuant to Practice Book §§ 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was imposed."
The Division is without authority to modify sentences except in accordance with the provisions of Practice Book §§ 43-23 et seq., and General Statutes §§ 51-194 et seq.
It is noteworthy that the petitioner received the sentence that he bargained for.
Taking into consideration the violent nature of the crime, whereby a handgun was pointed at an employee of the store and the petitioner's prior criminal history, the sentence imposed is neither inappropriate nor disproportionate.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Practice Book §§ 43-23 et seq.
The sentence is AFFIRMED.
 Miano, J. Holden, J. Iannotti, J.
Miano, J., Holden. J. and Iannotti, J. participated in this decision. CT Page 4097